# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1159-18T5

IN THE MATTER OF THE CIVIL
COMMITMENT OF E.D.,
SVP-75-00.

_____

Argued May 14, 2019 – Decided May 24, 2019

Before Judges Fisher, Hoffman and Suter.

On appeal from Superior Court of New Jersey, Law Division, Essex County, SVP-75-00.

Patrick Madden, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney).

Ragner Jaegar, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney).

PER CURIAM

E.D. is a resident of the Special Treatment Unit (STU), the secure custodial facility designated for the treatment of those in need of commitment under the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38.  See N.J.S.A. 30:4-27.34a.  He appeals from a September 20, 2018

order that continues his commitment.[1]  We affirm substantially for the reasons stated by Judge James F. Mulvihill in his oral decision.

A person who has committed a sexually violent offense may be confined only if suffering from an abnormality that causes serious difficulty in controlling sexually violent behavior such that commission of a sexually violent offense is highly likely without confinement "in a secure facility for control, care and treatment."  In re Commitment of W.Z., 173 N.J. 109, 120, 132 (2002).

Annual review hearings to determine whether the person remains in need of commitment despite treatment are also required.  N.J.S.A. 30:4-27.35;

---

[1]  E.D. was initially committed in 2000 and his commitment has been continued on numerous occasions, as revealed in both published, In re Civil Commitment of E.D., 183 N.J. 536 (2005); In re Civil Commitment of E.D., 353 N.J. Super. 450, 455-56 (App. Div. 2002), and unpublished decisions, In re Civil Commitment of E.D., No. A-0759-17 (App. Div. June 21, 2018); In re Civil Commitment of E.D., No. A-5263-13 (App. Div. Oct. 28, 2016); In re Civil Commitment of E.D., No. A-0685-05 (App. Div. Jan. 14, 2008); In re Civil Commitment of E.D., No. A-3984-02 (App. Div. May 14, 2004).  He was twice conditionally discharged, once in 2003, and later in 2010.  E.D., No. A-0759-17, slip op. at 3.  In the latter instance, E.D. absconded in 2012; he was later arrested in New York and returned to the STU in 2014.  We find no merit in the inference suggested by E.D. in this appeal that the absence of proof that E.D. committed a sex offense during the time he absconded somehow supports E.D.'s contention that he is not highly likely to reoffend.  The record does not reveal what E.D. was doing when he violated the conditions for his discharge on that occasion.

N.J.S.A. 30:4-27.32.[2]  An order of continued commitment under the SVPA, like an initial order, must be based upon "clear and convincing evidence that an individual who has been convicted of a sexually violent offense, suffers from a mental abnormality or personality disorder, and presently has serious difficulty controlling harmful sexually violent behavior such that it is highly likely the individual will reoffend" if not committed.  In re Civil Commitment of G.G.N., 372 N.J. Super. 42, 46-47 (App. Div. 2004); see also In re Commitment of R.F., 217 N.J. 152, 173 (2014); W.Z., 173 N.J. at 132; In re Civil Commitment of J.J.F., 365 N.J. Super. 486, 496-501 (App. Div. 2004); In re Civil Commitment of V.A., 357 N.J. Super. 55, 63 (App. Div. 2003); E.D., 353 N.J. Super. at 455-56; N.J.S.A. 30:4-27.26; N.J.S.A. 30:4-27.32; N.J.S.A. 30:4-27.35.  "[O]nce the legal standard for commitment no longer exists, the committee is subject to release."  E.D., 353 N.J. Super. at 455; see also W.Z., 173 N.J. at 133; N.J.S.A. 30:4-27.32; N.J.S.A. 30:4-27.35.

Our review is "extremely narrow."  R.F., 217 N.J. at 174; see also V.A., 357 N.J. Super. at 63.  Trial judges who hear these matters are "'specialists' and 'their expertise in the subject' is entitled to 'special deference.'"  R.F., 217

---

[2]  In addition, if the STU "treatment team determines that the person's mental condition has so changed that the person is not likely to engage in acts of sexual violence if released, the treatment team [must] recommend" authorization for a petition for discharge.  N.J.S.A. 30:4-27.36a.

N.J. at 174 (quoting In re Civil Commitment of T.J.N., 390 N.J. Super. 218, 226 (App. Div. 2007)). So, we give these judge's determinations the "utmost deference" and will intervene or modify the determination "only where the record reveals a clear abuse of discretion." Ibid.; see also In re Civil Commitment of J.P., 339 N.J. Super. 443, 459 (App. Div. 2001). The judge's decision here, when compared to the record on appeal, commands that deference. The commitment order under review is adequately supported by the record and consistent with the controlling legal principles. In assessing and weighing the evidence provided by the State's experts and the evidence provided by E.D. and his expert, the judge concluded that E.D. still denies his "offending history," "still suffers from a mental abnormality or personality disorder that does not spontaneously remit," has "[s]erious difficulty . . . controlling his sexually violent behavior," and, although progress has been made since his last review and E.D. may be "very close to conditional discharge," he still is "highly likely to sexually reoffend at this time." We have been offered no principled reason for second-guessing these fact findings.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1159-18T5